<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td>REDMANE TECHNOLOGY, LLC.<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE SALUD, PROGRAMA DE MEDICAID DE PUERTO RICO; D2SOL, INC.; ET ALS.<br><br>Recurrido</td>
<td>TA2026RA00334</td>
<td>REVISIÓN JUDICIAL procedente del Departamento de Salud<br><br>Caso núm. RFP: 2024-PRMP-MES-EE-004<br><br>Sobre: Reconsideración de Adjudicación de propuesta</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparece ante este tribunal apelativo, RedMane Technology, LLC (RedMane o recurrente) mediante el recurso de *Revisión Judicial* de epígrafe solicitándonos que revisemos la tercera *Award Notification* (*Notificación de Adjudicación*) del *Request For Proposal* (RFP) Núm. 2024-PRMP-MES-EE-004, para la Adquisición del Sistema Informático de Elegibilidad e Inscripción del Programa Medicaid de Puerto Rico emitida por el Departamento de Salud de Puerto Rico (DSPR o recurrida), el 19 de mayo de 2026, notificada el día siguiente. Mediante este dictamen, el DSPR le otorgó la buena pro a D2Sol, Inc. (D2Sol).

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por duplicidad de procedimientos.

### I.

El 22 de julio de 2024, el DSPR publicó el aviso intitulado *Puerto Rico Medicaid Program Eligibility and Enrollment System*

*Takeover Request for Proposal*, 2024-PRMP-MES-EE-004, para la selección de un proveedor cualificado para la administración del Sistema Informático de Elegibilidad e Inscripción del Programa Medicaid de Puerto Rico (sistema *Cúram E&E*).[1] Como resultado de la convocatoria, participaron los siguientes licitadores:

> Trillian Technologies, Inc.
> D2Sol, Inc.
> RedMane Technology, LLC

Advertimos que el primer *Award Notification* emitido por el DSPR, el 14 de noviembre de 2024, fue declarado inoficioso por esta *Curia* en el caso KLRA202400705.

Posteriormente, el 11 de febrero de 2025, el DSPR emitió un segundo *Award Notification* el cual fue nuevamente declarado defectuoso en la *Sentencia* emitida el 8 de agosto de 2025, por un Panel hermano bajo el caso núm. KLRA202500195, desestimándose el recurso por falta de jurisdicción. Para un mejor entendimiento de los trámites procesales, previos a la notificación de adjudicación que nos ocupa, nos remitimos al tracto procesal y fáctico allí esbozado.

El 25 de abril de 2025, RedMane presentó un *Recurso de Certiorari* ante el Tribunal Supremo impugnando lo determinado por esta *Curia*. La referida controversia, fue acogida por el más alto foro y resuelta el 10 de abril de 2026, en el caso *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, 2026 TSPR 37, 218 DPR ___, (2026).

En la referida opinión, el Tribunal Supremo confirmó la *Sentencia* del Tribunal de Apelaciones. A su vez, el más alto foro aclaró la norma aplicable en materia de notificaciones pertinentes a adjudicaciones en proceso de licitación pública –específicamente en licitaciones no reguladas bajo la Ley núm. 73-2019, *Ley de la Administración de Servicios Generales para la Centralización de las*

---

[1] En el presente caso transcribimos el trámite procesal detallado en el recurso TA2026RA00312 para un mejor entendimiento.

*Compras del Gobierno de Puerto Rico de 2019*, 3 LPRA sec. 9831 *et seq.*–, delineó los procesos a seguir por las agencias; así como ordenó al DSPR a notificar por **tercera ocasión** la adjudicación de la buena pro conforme a lo allí establecido jurisprudencialmente **sin necesidad de esperar por el mandato**.

Ahora bien, en lo pertinente, el Tribunal Supremo estableció que:

> Conforme a lo previamente esbozado, en los procedimientos de licitación pública que no sean regulados por la Ley Núm. 73-2019, supra, será defectuosa toda notificación que no advierta a las partes sobre su derecho a presentar: (1) una solicitud de reconsideración ante la agencia cuando así lo disponga su reglamentación aplicable, dentro del término de diez días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso, lo que ocurra primero; y (2) un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término jurisdiccional de veinte días calendario, contados a partir de la notificación de la adjudicación de la solicitud de reconsideración ante la agencia o cuando venza el término de esta para acogerla, lo que ocurra primero.
>
> Por analogía, los términos para atender la moción de reconsideración serán los mismos que establece la Sección 3.19 de la LPAU,18 supra, para el recurso de revisión administrativa ante la Junta Revisora. 3 LPRA sec. 9659. En el caso de que el foro administrativo no provea para el recurso de reconsideración ante sí, el término jurisdiccional de veinte días calendario para solicitar revisión judicial ante el TA comenzará a cursar a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso de licitación pública, lo que ocurra primero.[2]

De igual forma, en su nota al calce número 17, el alto foro expresó que:

> En el caso ante nos, el 21 de diciembre de 2023, el DSPR promulgó la Orden Administrativa Núm. OA-581 con el propósito de establecer los procedimientos aplicables a la contratación de servicios profesionales por la cantidad de $150,000 o más en un mismo año fiscal. Mediante esta, dispuso los requisitos de contenido que debía incluir toda notificación de adjudicación en estos procesos, incluyendo lo pertinente al apercibimiento sobre el derecho a revisión, "conforme a lo establecido… en la LPAU". No obstante, esta orden administrativa fue promulgada antes de las enmiendas de la Ley Núm. 48-2024, por lo que el texto de la misma alude estar basada en una versión de la LPAU, supra, que ya no está en vigor, y

---

[2] *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, 2026 TSPR 37, a las págs. 35-36, 218 DPR ___, (2026).

dispone unos términos incongruentes con la legislación vigente.

Corolario de lo anterior, el 14 de abril de 2026, el DSPR promulgó la Orden Administrativa núm. 2026-637 intitulada *Para Enmendar la Orden Administrativa núm. 581 de 21 de diciembre de 2023 sobre los Procedimientos Aplicables a la Contratación de Servicios Profesionales y Consultivos, Estableciendo Nuevos Términos para Solicitar Revisión de la Adjudicación.* Mediante esta, el DSPR determinó enmendar y actualizar los términos aplicables a la reconsideración administrativa y a la revisión judicial de las adjudicaciones de las solicitudes de propuestas (RFP). Ello, con la intención de atemperar la misma a lo resuelto por el Tribunal Supremo.

La referida Orden Administrativa estableció que, sobre el apercibimiento sobre el derecho a la revisión, conforme a lo establecido en la Ley Núm. 38-2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601, *et seq.*, leerá de la siguiente manera:

> La parte adversamente afectada por una determinación final del Departamento de Salud en un proceso de solicitud de propuestas, **podrá presentar una solicitud de revisión administrativa dentro de los diez (10) días calendario**, contados a partir [de la fecha] del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, conforme la Sección 3.19 de la Ley 38-2017, 3 L.P.R.A. § 9659. El Departamento de Salud deberá determinar si acoge o no **la solicitud de revisión administrativa**, dentro de los diez (10) días calendario de haberse presentado. Si dentro de ese término, el Departamento de Salud determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. El Departamento de Salud podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario. Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, una copia de la notificación de la decisión del Departamento de Salud adjudicando la solicitud de revisión administrativa.

Si el Departamento de Salud dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos aquí dispuestos, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante el Departamento de Salud será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.** La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante el Departamento de Salud, o a cuando venza el término que tenía el Departamento para determinar si acogía o no la solicitud de revisión administrativa. [Énfasis nuestro]

Así las cosas, el 19 de mayo de 2026, notificado al día siguiente, el DSPR emitió, por tercera ocasión, el *Award Notification* del RFP núm. 2024-PRMP-MES-EE-004. En este nuevamente adjudicó la buena pro a favor de D2Sol e incluyó las siguientes advertencias relacionadas a la reconsideración ante el Departamento de Salud:

VI. ADMINISTRATIVE AND JUDICIAL REVIEW- TERMS

A- ADMINISTRATIVE REVIEW (3 L.P.R.A. §9659)

The party adversely affected by a final determination of the **Department of Health** in a request **for proposals process may file a request for administrative review within ten (10) calendar days** from the date of deposit in the federal mail or notification by email, whichever occurs first, pursuant to Section 3.19 of Act 38-2017, 3 L.P.R.A. §9659. The **Department of Health** must determine whether or not to accept the request for administrative review within ten (10) calendar days of its filing. If, within that period, the **Department of Health** decides to accept the request, it will have an additional thirty (30) calendar days to adjudicate it, counted from the expiration of the ten (10) calendar days it had to determine whether or not to accept it. The **Department of Health** may extend the thirty 30) calendar day period once, for an additional fifteen (15) calendar days. If a determination is made in the administrative review, the time limit for filing a judicial review before the Court of Appeals will begin to run from the date on which a copy of the notification of the **Department of Health's** decision adjudicating the request for administrative review was deposited in the federal mail or served by email, whichever occurs first.

If the **Department of Health** fails to take any action regarding the administrative review within the time limits established herein, it shall be deemed to

have been summarily dismissed, and the time limit for filing a judicial review shall begin to run from that date. **Filing an administrative review with the Department of Health is a jurisdictional requirement before filing a judicial review with the Court of Appeals.** The adversely affected party shall have a jurisdictional term of twenty (20) calendar days to file a judicial review with the Court of Appeals, counted from the date of deposit in the federal mail or the date the determination is sent by email, whichever occurs first, either from the adjudication of the administrative review request before the **Department of Health**, or from the expiration of the term the Department had to determine whether or not to grant the administrative review request.

En desacuerdo con la determinación, el **1 de junio de 2026, RedMane presentó, ante el DSPR, un escrito en el que solicitó la reconsideración de la tercera notificación de adjudicación del RFP**. **Conforme a la normativa regente el DSPR, tenía hasta el 11 de junio posterior para determinar si acogía o no el petitorio reconsideratorio.**

No obstante, el **22 de junio de 2026**, RedMane acudió ante este foro intermedio mediante este segundo recurso imputándole a la agencia haber incurrido en los siguientes errores:

> ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR UNA TERCERA NOTIFICACIÓN DE ADJUDICACIÓN DE MANERA PREMATURA YA QUE QUEDABAN PENDIENTES DOS RECURSOS DE REVISIÓN JUDICIAL DE LOS PRIMEROS DOS AWARD NOTIFICATION POR ADJUDICARSE DE FORMA FINAL ANTE EL TRIBUNAL SUPREMO DE PUERTO RICO.

> ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR UNA TERCERA NOTIFICACIÓN DE ADJUDICACIÓN QUE INCUMPLE LAS EXIGENCIAS ESTABLECIDAS POR LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME, LA LEY NÚM. 73-2019 Y LA OPINIÓN EMITIDA POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN REDMANE TECHNOLOGY, LLC V. DEPARTAMENTO DE SALUD, 2026 TSPR 37.

> ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD AL ADJUDICAR LA BUENA PRO DEL RFP NÚM. 2024-PRMP-MES-EE-004 A D2SOL, INC., AUN CUANDO DICHO PROPONENTE NO CUMPLÍA CON LOS REQUISITOS MANDATORIOS, DE ELEGIBILIDAD, RESPONSABILIDAD Y RESPONSIVIDAD EXIGIDOS POR EL RFP Y POR LA NORMATIVA APLICABLE.

> ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD Y EL COMITÉ EVALUADOR AL EVALUAR LAS PROPUESTAS, APLICAR LOS CRITERIOS DE ADJUDICACIÓN Y ADJUDICAR LA BUENA PRO DEL RFP NÚM. 2024-

> PRMP-MES-EE-004 A D2SOL, INC. DE FORMA ILEGAL, IRRAZONABLE, ARBITRARIA, CAPRICHOSA, CONSTITUTIVA DE ABUSO DE DISCRECIÓN Y CARENTE DE EVIDENCIA SUSTANCIAL EN EL EXPEDIENTE ADMINISTRATIVO.
>
> ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD AL EMITIR UNA ADJUDICACIÓN QUE NO SE ENCUENTRA SUSTENTADA POR EVIDENCIA SUSTANCIAL EN EL EXPEDIENTE ADMINISTRATIVO Y AL FUNDAMENTAR PARTE DE SUS DETERMINACIONES EN ANÁLISIS CUYA BASE DOCUMENTAL NO SURGE CLARAMENTE DE LOS DOCUMENTOS PRODUCIDOS A REDMANE.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

Asimismo, adelantamos que los argumentos expuestos son idénticos a los esbozados en el recurso TA2026RA00312, presentado por RedMane ante este foro apelativo el 9 de junio de 2026. De igual manera, advertimos que la *Sentencia* decretando la prematuridad del antedicho recurso se emitió el 23 de junio de 2026 y se notificó al día siguiente.

## II.

Como es conocido, el principio que nutre todo nuestro sistema procesal civil es la consecución de la solución justa, rápida y económica de todo proceso. Véase Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 1. Además, cuando una parte acude al tribunal, pone en movimiento la maquinaria judicial. *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807 (1986). Por tanto, la duplicidad de recursos da al traste con la consecución de dicho principio y pone en movimiento innecesariamente dos procesos judiciales. *Berríos v. González et al.*, 151 DPR 327, 348 (2000).

## III.

Según anticipamos, los recursos presentados por el recurrente **son idénticos tanto en las partes, en los errores**

**señalados, en su argumentación y en la súplica**. En consecuencia, hacemos constar que existe **completa identidad** entre los recursos independientes, presentados por RedMane para cuestionar el mismo tercer *Award Notification* (*Notificación de Adjudicación*) del *Request For Proposal* (RFP) Núm. 2024-PRMP-MES-EE-004, para la Adquisición del Sistema Informático de Elegibilidad e Inscripción del Programa Medicaid de Puerto Rico emitida por el DSPR el 19 de mayo de 2026, notificada el día siguiente. Por lo que, en el recurso TA2026RA00312 ya están atendidos los reclamos planteados por el recurrente.

Además, acentuamos que el fundamento que aduce RedMane para presentar un **segundo recurso idéntico** carece de fundamento jurídico, ya que en el caso en el TA2026RA00312, a petición de la propia parte recurrente, se paralizaron los procedimientos ante el Departamento de Salud.[3] Así, una vez notificada la *Sentencia* la agencia adquiere la jurisdicción para continuar con los procedimientos, en especial, para acoger o no la reconsideración instada por RedMane. Esto, debido a que en el dictamen expresamente precisamos que la agencia no tendría que esperar a que se emita el mandato.

En resumen, del examen de ambos recursos, resulta evidente que son idénticos y; por consiguiente, redundante la presentación del recurso de epígrafe. Por lo que, con el fin de garantizar la economía procesal, desestimamos el presente recurso.

---

[3] En el recurso intitulado *Solicitud de Revisión Judicial sobre Adjudicación de Propuesta (RFP) y Alegato*, a la pág. 25, la recurrente indicó lo siguiente:

> ...Este recurso adicional se presenta para que en la eventualidad de que se estime que el término para presentar la revisión fue interrumpido, y que la Petición de Revisión Judicial con número de epígrafe TA2026RA00312 se tiene que desestimar por prematura, se presenta esta dentro del término de veinte días a tal efecto para presentar el recurso.

**IV.**

Por los fundamentos previamente expuestos, desestimamos por duplicidad el recurso de epígrafe presentado por RedMane.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones